## BROADUS v LEAR

Ohio Common Pleas, Hamilton Co

Decided May 17, 1935

W. B. Bush, Cincinnati, for plaintiff.
W. A. Lovell, Cincinnati, for defendant.

## OPINION

By DRUFFEL, J.

This is an action by plaintiff, through his mother, to annul his marriage to defendant. Among other things, plaintiff, through his mother, says he was fourteen years of age when married; that he is now fifteen years of age, and has not ratified said marriage by cohabitation, etc.

The testimony is undisputed that the parties lived together for several months after the marriage at the home of plaintiff's parents. Defendant was pregnant at the time of the marriage. That baby died. Defendant is again pregnant more than five months and the argument is advanced to the court that since the parties having been living separate and apart for several months that some one other than plaintiff is responsible and for that reason the plaintiff's marriage should be annuled.

On the other hand, defendant claims she cohabited with plaintiff on different occasions and that he is responsible for her condition.

Plaintiff being in court failed to testify in his own behalf relying on his parents' testimony that he was ill at home at the times defendant claimed she was with him, the intended effect of which testimony was that defendant was not telling the truth. This testimony would have been much more effective if plaintiff had taken the stand and subjected himself to cross-examination. Certainly he was in better position to testify than his parents.

After consideration of the evidence offered in the case; the briefs and authorities cited therein, the court is of opinion, and so finds, that the marriage contract existing between plaintiff and defendant should not be annulled; first for the reason that the plaintiff has failed to prove that there was no cohabitation as alleged in his petition, and for the second reason that it is contrary to public policy to declare null and void a marriage between two minors where the wife is pregnant.

While it is true as counsel for plaintiff sets forth in his brief, in the interest of good morals and decency uniform state laws frown on the marriage of infants, yet it cannot be seriously urged that the law would permit of and foster illegitimacy of children in order to permit minor parents to escape from a voidable contract.

The prayed of the petition will be denied at costs of plaintiff.

An entry may be prepared accordingly.